UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE R. LEE,

    Petitioner,

        v.                     CAUSE NO. 3:20-CV-490-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Willie R. Lee, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 20-03-0032) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of an electronic device in violation of Indiana Department of Correction Offense B-207. Following a disciplinary hearing, he was sanctioned with a loss of thirty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Lee argues that he is entitled to habeas relief because the Due Process Clause was violated when he was not charged with the offense until a month after it occurred. The offense allegedly occurred on March 1, 2020, and he did not receive notice until March 24, 2020. Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Lee has a due process right to advance written notice of the charges against him. *Wolff v. McDonnell*, 418 U.S. 539,

563-73 (1974). However, he does not have a due process right to receive that notice within a particular time frame. The delay in notice here – a mere 24 days – is not so great as to deprive Lee of due process of law. *See U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr.*, 635 F.2d 656, 659 (7th Cir. 1980)(two month delay in informing prisoner of charges is not sufficient to deny due process of law.)

To the extent that Lee may be alleging that the delay violated state law or a prison policy, that is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"). *See also Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Because it is clear from the petition and attached exhibits that Lee is not entitled to habeas relief, the petition must be denied. If Lee wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Willie R. Lee leave to proceed in forma pauperis on appeal.

SO ORDERED on July 29, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT